IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CR. NO. 09-00398 LEK |
| Plaintiff, | ) | |
| vs. | ) | |
| ARTHUR LEE ONG, | ) | |
| Defendant. | ) | |

**ORDER DENYING DEFENDANT ARTHUR LEE ONG's**
**<u>MOTION FOR JUDGMENT OF ACQUITTAL</u>**

Before the Court is Defendant Arthur Lee Ong's ("Defendant") Motion for Judgment of Acquittal ("Motion"), filed on November 15, 2011. The United States of America ("Government") filed its memorandum in opposition on November 29, 2011, and Defendant filed his reply on December 12, 2011. The Court thereafter took the matter under advisement.

On November 7, 2011, a jury found Defendant guilty of Counts 1 through 4 and 6 through 8 in the July 28, 2010 Superseding Indictment, charging Defendant with income tax evasion. Defendant moves the Court for judgment of acquittal on Count 1, conspiracy under 18 U.S.C. § 371,[1] arguing that there

---

[1] Count 1 of the Superseding Indictment filed on July 29, 2010 alleges, in pertinent part, that:

> From in or about 1989, the precise date being
> unknown to the Grand jury, and continuing
> thereafter up to and including the date of
>                                         (continued...)

was insufficient evidence pursuant to Rule 29(c) of the Federal Rules of Criminal Procedure. After careful consideration of the Motion, supporting and opposing memoranda, and applicable law, the Court HEREBY DENIES the Motion without a hearing, finding Defendant's conviction supported by the evidence.

## **DISCUSSION**

### I. **Rule 29 Standard**

Rule 29 requires this Court to grant a motion for judgment of acquittal "if the evidence is insufficient to sustain a conviction." Fed. R. Crim. P. 29(a). Defendant's Motion is timely under Rule 29(c)(1). On a motion for judgment of acquittal under Rule 29, this Court must view the evidence in the light most favorable to the Government, deciding whether a

---

[1](...continued)
> the return of this Superseding Indictment, in the District of Hawaii and elsewhere, the Defendant ARTHUR LEE ONG (Defendant),and R.L.H., M.K., P.S., and others not charged in this Indictment, did unlawfully, voluntarily, intentionally, and knowingly conspire, combine, confederate, and agree together and with each other and with other individuals both known and unknown to the Grand Jury to defraud the United States by deceitful and dishonest means for the purpose of impeding, impairing, obstructing, and defeating the lawful Government functions of the Internal Revenue Service (I.R.S.) Of the Treasury Department in the ascertainment, computation, assessment, and collection of revenue; to wit, individual income taxes.

[Superseding Indictment at ¶ 2.]

rational jury could have found Defendant guilty beyond a reasonable doubt.  See United States v. Hazeem, 679 F.2d 770, 772 (9th Cir. 1982) (in deciding a Rule 29 motion, the "trial court must determine whether, viewing the evidence in the light most favorable to the government, the jury could reasonably find the defendant guilty beyond a reasonable doubt").  Accord Jackson v. Virginia, 443 U.S. 307, 319 (1979) ("when deciding a motion based on alleged insufficiency of the evidence, the relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt"); United States v. Disla, 805 F.2d 1340, 1348 (9th Cir. 1986) ("A conviction is supported by the evidence if, viewing the evidence in the light most favorable to the government and drawing all reasonable inferences, there was relevant evidence from which the jury could reasonably have found the defendant guilty beyond a reasonable doubt.").

## II.  **Sufficiency of the Evidence**

Defendant asserts that the Superseding Indictment charges that he, Royal LaMarr Hardy, Paul Sulla, Michael Kailing, and others engaged in an elaborate scheme to defraud the Government through the non-filing of Defendant's income taxes. [Mem. in Supp. of Motion at 1.]  He maintains that all that the Government proved during trial was that Defendant met with

3

Mr. Hardy, and that meeting and discussing matters of common interest is insufficient under the law to infer guilt. Mr. Hardy, Mr. Sulla, and Mr. Kailing were never called as witnesses. According to Defendant, the Government failed to establish that any agreement ever existed between Defendant, Mr. Hardy, Mr. Sulla, Mr. Kailing or Thomas Brennan. [Id. at 3-4.]

On the other hand, the Government submits that it was required to prove that Defendant conspired with at least one other person, and not with all of the co-conspirators alleged in the indictment, and that Defendant's own testimony at trial established that, on Mr. Hardy's referral, Defendant retained Mr. Sulla to create various trusts in order to reduce his taxes. The Government further argues Defendant met Mr. Sulla in Mr. Hardy's office, used Mr. Hardy's secretary to notarize Defendant's trust documents prepared by Mr. Sulla, and met with Mr. Hardy, along with Mr. Sulla and Mr. Brennan. As to conspiring with Mr. Kailing, the Government points out that he served as Defendant's nominee trustee and that Defendant knew Mr. Kaling was involved in tax fraud because he was called to testify at Mr. Kailing's criminal trial in 2005.

During the Government's case, it presented evidence that Defendant conspired with others to evade his own personal income taxes through the use of sham trusts set up with the

assistance of Mr. Sulla, his attorney.  There was testimony that Defendant attended Mr. Hardy's seminar on voluntary tax compliance and was motivated to eliminate his tax liability.  The evidence showed that Mr. Hardy referred Defendant to Mr. Sulla, who was involved with Mr. Hardy's programs.  Mr. Sulla set up Defendant's trust system.  In an opinion letter to Defendant on May 6, 1990, Mr. Sulla stated: "Secondary to this estate plan planning concern, was your objective to reduce your income taxes."  [Gov't Exh. 24GG, at 1.]  It states: "Your trusts, properly established, should be able to withstand an attack by troublesome litigants, creditors, or even taxing authorities. . . ."  [Id. at 2.]  The witness testimony and documentary evidence presented at trial support the conclusion of the sham nature of the trust system set up by Mr. Sulla, and the finding of Defendant's knowledge thereof.

      The government may prove a conspiracy by circumstantial evidence that the conspirators acted together in furtherance of a common goal.  United States v. Kiriki, 756 F.2d 1449, 1453 (9th Cir. 1985).  The circumstantial evidence establishes that Mr. Hardy referred Defendant to Mr. Sulla to help him evade taxes, that Defendant knew the trust system established with Mr. Sulla was a sham, and that he did not rely on Mr. Sulla's advice in good faith.

      Based on the above evidence, a rational jury could have

found beyond a reasonable doubt that Defendant conspired to defraud the Government.  The Court finds there was sufficient evidence to support the jury's finding of guilt on Count I.  The Motion for judgment of acquittal on the basis of insufficient evidence is DENIED.

### **CONCLUSION**

On the basis of the foregoing, Defendant Arthur Lee Ong's Motion for Judgment of Acquittal, filed November 15, 2011 is HEREBY DENIED.

IT IS SO ORDERED.

DATED AT HONOLULU, HAWAII, March 6, 2012.



/S/ Leslie E. Kobayashi
Leslie E. Kobayashi
United States District Judge

**USA V. ARTHUR LEE ONG; CR. NO. 09-00398 LEK; ORDER DENYING DEFENDANT ARTHUR LEE ONG'S MOTION FOR JUDGMENT OF ACQUITTAL**